Saroj Ben Patel JAGIDSHBHAI, a.k.a. Sita Anil Saxena, Saroj Ben Patel, and Patel Saroj Ben Jagbishbhai, Petitioner,

v.

Eric H. HOLDER Jr., Attorney General, Respondent.

No. 07–70230.

United States Court of Appeals, Ninth Circuit.

Submitted June 16, 2009.*

Filed June 29, 2009.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

Markandu S. Vigneswaran, Law Offices of Markandu S. Vigneswaran, Hacienda Heights, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PAEZ, TALLMAN, and N.R. SMITH, Circuit Judges.

## MEMORANDUM **

Saroj Ben Patel Jagidshbhai, native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's decision denying her application for asylum, withholding of removal, and protection under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252. We review findings of fact for substantial evidence, *Nahrvani v. Gonzales,* 399 F.3d 1148, 1151 (9th Cir. 2005), and we deny the petition for review.

Substantial evidence supports the agency's conclusion that Patel failed to establish past persecution and a well-founded fear of future persecution because she has not shown that the Indian government was unwilling or unable to protect her from Muslims. *See id.* at 1154. Her fear of future persecution is further undermined because she remained in the state of Gujarat, India over two years after she suffered incidents of harm during the 2004 riots, *see Lata v. INS,* 204 F.3d 1241, 1245 (9th Cir.2000), and because her similarly situated family members reside unharmed in India, *see Hakeem v. INS,* 273 F.3d 812, 816 (9th Cir.2001).

Because Patel has not met the standard for asylum, she necessarily cannot meet the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1254–55 (9th Cir. 2003).

Substantial evidence supports the agency's conclusion that Patel failed to show it is more likely than not that she would be tortured if returned to India. *See Singh v. Gonzales,* 439 F.3d 1100, 1113 (9th Cir. 2006).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.